THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOEL
ROSENBERG, Appellant.

Argued April 13, 1944; decided May 25, 1944.

*Henry G. Singer, Samuel Altman* and *William E. Risley* for appellant. I. The supplemental charge to the jury was error. It deprived defendant of his defense. It was a submission of the case to the jury on a theory not supported by the evidence. (*People* v. *De Martino,* 252 App. Div. 476; *People* v. *Barberi,* 149 N. Y. 256; *People* v. *Tirnauer,* 77 Misc. 387; *People* v. *Gerdvine,* 210 N. Y. 184; *People* v. *Walker,* 198 N. Y. 329; *People* v. *Helmer,* 154 N. Y. 596; *People* v. *Corey,* 148 N. Y. 476; *People* v. *Strait,* 154 N. Y. 165; *People* v. *Koerner,* 154 N. Y. 355.) II. Similar error was committed with respect to count 8.

*Thomas Cradock Hughes, Acting District Attorney* (*Solomon A. Klein* of counsel), for respondent. I. The supplemental charge with respect to count 5 does not present reversible error. (*People* v. *Dimick,* 107 N. Y. 13; *People* v. *Wagner,* 245 N. Y. 143.) II. The supplemental charge with respect to count 8 was correct.

*Per Curiam.* The error in the supplemental charge, as to the fifth count of the indictment, was too serious to be disregarded. It was an instruction to the jury, in plain words, that, despite the positive statement of the prosecutrix that the transaction occurred on September 6, 1941, and on no other possible day, the jury might convict if it found that she was mistaken and that it really took place on some other day, close to September 6th. Appropriate — and repeated — exceptions and requests by appellant's counsel, in the presence of the jury, brought forth only a statement by the court that he would " leave it to the jury." All this amounted to the submission to the jury of " a theory of the facts which had no foundation in the evidence " (*People* v. *Barberi,* 149 N. Y. 256, 274). We consider also that this error as to the fifth count is not without bearing on the conviction of appellant on the other count (eighth) submitted to the jury. The acts charged in those two counts were, if the prosecution's proof be accepted, intimately connected as being two of a series of similar frauds by the same man. On this proof, appellant must have been guilty of all those acts, or of none of them. The interests of justice require a reversal as to both

counts. Since there must be a new trial, we do not discuss the other alleged errors complained of by appellant.

The judgments should be reversed and a new trial ordered. (See 293 N. Y. 697.)

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Judgments reversed, etc.