## THIRD DEPARTMENT, DECEMBER, 1970

## (December 3, 1970)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LESLIE LOREN JONES, Appellant.— Judgment affirmed. Reynolds, Staley, Jr., and Sweeney, JJ., concur; Herlihy, P. J., and Cooke, J., dissent and vote to modify in the following memorandum: Defendant's assault, second degree, conviction should be reversed and a new trial ordered in said respect. By an indictment containing three counts, defendant was indicted

for: (1) assault in the second degree in violation of subdivision 3 of section 120.05 of the Penal Law in that on July 5, 1969 in the Town of Horseheads with intent to prevent a peace officer from performing a lawful duty he caused physical injury to such peace officer; (2) resisting arrest in violation of section 205.30 of the Penal Law at said time and place in that he attempted to prevent a duly authorized arrest of another person by an authorized peace officer; and (3) obstructing governmental administration in violation of section 195.05 of the Penal Law at said time and place in that, with intent to prevent a peace officer from performing an official function, he intentionally attempted to prevent by physical force the performance of said official function. A State Police Sergeant, the alleged assault victim, testified he was struck, progressively, on three different instances: first, in the back and in back of the neck area by defendant in the Fife yard; secondly, in the back of the neck by an unknown attacker while defendant was being held by a trooper; and, thirdly, by a stomach kick by defendant inside the Fife house. He further stated that the basis of defendant's assault arrest was the incident in the yard and this was the theory of the prosecution's case. The Assistant District Attorney stated in summation that the stomach incident did not have anything to do with the first count, "[n]othing whatsoever", and that the kick in the stomach was the element in the third count. Undoubtedly, this was the basis on which the matters were presented to the Grand Jury and the indictment obtained. At the conclusion of the charge, the following took place: "Mr. Danaher: Finally, Your Honor, I would respectfully request that Your Honor charge the jury that they are not to consider the kicking incident under the first count of the indictment. The Court: Well, in these cases, the jury can consider all the evidence. · However, this defendant is certainly entitled to the benefit of the prosecution's theory of criminal liability. So, I can see that the validity of the argument which was presented to the jury and let the jury decide accordingly, having heard the argument and having heard the evidence. I'm going to let the jury consider the evidence having heard the argument of counsel both ways on this. Mr. Danaher: Is my request denied, Your Honor? The Court: As specifically made, it's denied. Mr. Danaher: Exception, please." This constituted reversible error since it allowed the jury to consider as to the first count an event subsequent and not relevant to that charged therein (cf. *People* v. *Rosenberg*, 293 N. Y. 16; *People* v. *Barberi*, 149 N. Y. 256, 274), it being particularly prejudicial since one of the issues in determining defendant's guilt of the first count was whether the peace officer sustained a physical injury (Penal Law, § 10.00). The evidence relating to other offenses charged should have been confined by proper instructions to the legitimate purposes for which it was competent (cf. *People* v. *Vernum*, 28 A D 2d 946, 947). The judgment should be modified so as to direct a new trial upon the assault charge and, as so modified, be affirmed.