■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY MITCHELL, Appellant. [628 NYS2d 914] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of two counts of assault in the second degree (Penal Law § 120.05 [2]) and two counts of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). Defendant contends that the conviction of weapons possession should be vacated and those counts of the indictment dismissed as lesser included offenses of assault in the second degree *(see,* CPL 300.40 [3] [b]). At the outset, we note that this issue is reviewable as a matter of law despite defendant's failure to preserve it *(see, People v Lee,* 39 NY2d 388; *People v Butler,* 192 AD2d 543, *lv denied* 82 NY2d 715). Criminal possession of a weapon is not a lesser included offense of assault *(see, People v Perez,* 45 NY2d 204; *People v Sykes,* 194 AD2d 502, *lv denied* 82 NY2d 759). The possession of a weapon constitutes an offense separate and distinct from its use. "[O]nce 'the unlawful possession of the weapon is established, the possessory crime is complete and any unlawful use of the weapon is punishable as a separate crime' " *(People v Pons,* 68 NY2d 264, 266, quoting *People v Almodovar,* 62 NY2d 126, 130).

In light of the serious injuries sustained by the victim and defendant's criminal record, the sentence is neither unduly harsh nor severe.

We have examined defendant's other contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Assault, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Callahan and Boehm, JJ.