■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY BANKS, Appellant. [768 NYS2d 467]—

Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered February 16, 2001, convicting defendant, after a jury trial, of robbery in the third degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years and 1 year, respectively, unanimously affirmed.

The verdict convicting defendant of robbery in the third degree was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility. The credible evidence established that defendant used force in an effort to retain merchandise that he had stolen.

The court properly rejected defendant's request for an adverse inference charge with respect to a surveillance videotape made, and then erased, by the store at which the incident occurred, in the ordinary course of the store's business. The record establishes that this tape was never in the possession of the police or prosecution, notwithstanding the People's statement in a discovery form of their intent to introduce it at trial. The People have no constitutional or statutory duty to acquire, or prevent the destruction of, evidence generated and possessed by private parties (*see People v Reedy*, 70 NY2d 826 [1987]; *People v Alvarez*, 70 NY2d 375 [1987]), and the statement in the discovery form did not create such a duty. Furthermore, there is no indication that there was anything exculpatory on the tape.

The court properly exercised its discretion in briefly instructing the jury on the law governing the store's security guards' use of physical force against defendant (Penal Law § 35.25). Since a major theme of the defense was the alleged misuse of force by the security guards, this charge promoted the jury's understanding of the issues. Furthermore, it did not constitute improper marshaling of evidence (*see People v Culhane*, 45 NY2d 757, 758 [1978], *cert denied* 439 US 1047 [1978]).

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Rosenberger, Williams and Lerner, JJ.