■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN BECKFORD, Appellant. [853 NYS2d 582]—

After renting his basement apartment to the complainant for approximately four months, the defendant informed the complainant that he would have one week to move out. The following night, however, the complainant returned to the defendant's house to find his belongings in the driveway. After the complainant knocked and, at times banged, on the defendant's door for approximately 10 minutes, the defendant opened the door and lunged at the complainant with a machete, striking him four times. The jury convicted the defendant of assault in the second degree (*see* Penal Law § 120.05 [2]) as a lesser-

included offense of assault in the first degree, which was charged in the indictment (*see* Penal Law § 120.10 [1]), and criminal possession of a weapon in the fourth degree (*see* Penal Law § 265.01 [2]).

Contrary to the defendant's contention, the trial court did not err in denying his request to charge the jury on assault in the third degree (*see* Penal Law § 120.00 [3]) as a lesser-included offense of assault in the first degree and assault in the second degree. There was no reasonable view of the evidence presented that would support a jury finding that the defendant acted with criminal negligence rather than intent to cause serious physical injury or physical injury (*see People v Miceli*, 235 AD2d 551 [1997]; CPL 300.50 [1]).

Further, the trial court properly denied the defendant's request for a jury charge on the justifiable use of "physical force" (Penal Law § 35.20 [1], [2]) and "deadly physical force" (Penal Law § 35.20 [3]). Viewed in the light most favorable to the defendant (*see People v Padgett*, 60 NY2d 142, 144 [1983]; *People v Watts*, 57 NY2d 299, 301 [1982]), the evidence did not support a justification charge under either theory. Given the fact that the defendant stabbed the complainant four times with an approximately five-pound machete, it cannot be said that he utilized anything other than deadly physical force (*see People v Magliato*, 68 NY2d 24, 29 [1986]; *People v Samuels*, 198 AD2d 384 [1993]). Additionally, the evidence did not support a charge on the justifiable use of deadly physical force to prevent or terminate the commission or attempted commission of a burglary (*see People v Godfrey*, 80 NY2d 860 [1992]; *People v White*, 305 AD2d 616 [2003]). Mastro, J.P., Covello, Eng and Belen, JJ., concur.