■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BROOKS, Appellant. [869 NYS2d 501]—

Defendant's legal sufficiency argument is unpreserved and we decline to review it in the interest of justice. As an alternate holding, we reject this claim on the merits. Furthermore, the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's determinations concerning credibility.

The court properly declined to draw an adverse inference against the prosecution from the absence of an incident report form and a videotape of the incident, which were items created, or allegedly created, by the company that owned the drugstore where the crime occurred. "The People have no constitutional or statutory duty to acquire, or prevent the destruction of, evidence generated and possessed by private parties" (*People v Banks*, 2 AD3d 226 [2003], *lv denied* 2 NY3d 737 [2004]). Here, however, defendant claims that the People, by negligently stating an inaccurate date of offense on the complaint, prevented him from acquiring this private-party evidence. Nevertheless, the record does not establish any connection between the mistake as to the date and the unavailability of the evidence. The People attempted to obtain the report but were unable to do so despite a diligent search. With respect to the videotape, the record does not support the conclusion that any such tape ever existed.

Defendant's claim that the People improperly used prior consistent statements by the complainant is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that any error in this regard was harmless (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Concur—Tom, J.P., Friedman, Gonzalez, McGuire and Acosta, JJ.