■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIM M. HOOKS, Appellant. [896 NYS2d 501]—

McCarthy, J. Appeal from a judgment of the Supreme Court (Connolly, J.), rendered May 3, 2007 in Albany County, upon a verdict convicting defendant of the crimes of criminal mischief in the third degree and criminal impersonation in the second degree.

Defendant damaged the victim's vehicle by scratching it while it was parked in a department store parking lot. After police began investigating, defendant called the police station, identify-

---

ing herself as the victim, and informed them that she did not want to pursue criminal charges. As a result of her conduct, and an existing order of protection in favor of the victim, defendant was indicted on criminal contempt in the first degree, criminal mischief in the second degree and criminal impersonation in the second degree. County Court (Breslin, J.) denied defendant's motion to suppress two written statements she gave to the police. Following trial in Supreme Court (Connolly, J.), a jury acquitted defendant of criminal contempt and criminal mischief in the second degree, but convicted her of the lesser included offense of criminal mischief in the third degree and criminal impersonation in the second degree. Defendant appeals.

County Court properly denied defendant's suppression motion. The state constitutional right to counsel can indelibly attach in several ways, including the commencement of formal proceedings by the filing of an accusatory instrument (*see People v Samuels*, 49 NY2d 218, 221 [1980]; *see also* CPL 100.05, 1.20 [1]). As opposed to limitations on police questioning when the right to counsel indelibly attaches in other ways, when "the right to counsel arises solely due to the commencement of formal proceedings (i.e., the suspect is not represented on pending charges and does not request counsel while in custody), police may question a suspect on an *unrelated* matter in the absence of counsel" (*People v Hilliard*, 20 AD3d 674, 676-677 [2005], *lv denied* 5 NY3d 853 [2005]; *see People v Ruff*, 81 NY2d 330, 333-335 [1993]). Here, defendant was in custody and formal proceedings had been commenced against her in the City of Albany, but she did not have counsel on that matter and did not request counsel while being questioned regarding the instant unrelated crimes, which were committed in the Town of Bethlehem, Albany County. Hence, the police did not violate her right to counsel by questioning her. Defendant was orally advised of her *Miranda* rights, waived those rights and agreed to speak to the police before signing two written statements. Under the circumstances, the court correctly denied her motion to suppress those statements.

The convictions were based upon legally sufficient evidence and not against the weight of the evidence. In one of her statements, defendant admitted that she scratched the victim's car. The victim testified that defendant had no right to damage the vehicle, and both the victim and a detective testified that the car had deep scratches all along both sides and on the hood. Regarding the value of the damage, the victim testified that she received three estimates and had the repairs performed by the shop with the lowest estimate, approximately $2,600. That

shop's written estimate was admitted into evidence. This evidence was legally sufficient to prove that defendant damaged the victim's car in an amount in excess of $250 as required to prove criminal mischief in the third degree (see Penal Law § 145.05 [2]; see also People v Shannon, 57 AD3d 1016, 1016 [2008]).

In defendant's other written statement, she admitted to pretending to be the victim when calling the police in an effort to close the criminal case against her, as well as leaving her home phone number for the police to ostensibly contact the victim. The detective testified that he twice called the number that defendant left with the police and talked to a woman who identified herself as the victim. During the second call, the victim was actually present at the police station—so the person the detective spoke to could not possibly have been the victim—and the victim stated that she had not previously spoken to the detective by phone. This evidence was legally sufficient to establish defendant's guilt of criminal impersonation in the second degree (see Penal Law § 190.25 [1]). While defendant raised some questions about the victim's motives and pointed out shortfalls in the police investigation, if we give deference to the jury's credibility determinations, as we must, the verdict on both counts was not against the weight of the evidence (see People v Caruso, 34 AD3d 863, 864-865 [2006], lv denied 8 NY3d 879 [2007]).

The People "have no constitutional or statutory duty to acquire, or prevent the destruction of, evidence generated and possessed by private parties" (People v Banks, 2 AD3d 226, 226 [2003], lv denied 2 NY3d 737 [2004]; see People v Brooks, 57 AD3d 445 [2008], lv denied 12 NY3d 814 [2009]). Thus, the People were not required to obtain the department store's surveillance videotape of the parking lot and were not responsible for the store's destruction of the tape after 90 days pursuant to its usual business policy. In any event, defendant failed to show that the tape was exculpatory, and the record established that the video did not show anyone scratching the victim's car (see People v Scott, 309 AD2d 573, 574 [2003], lv denied 2 NY3d 806 [2004]).

Defendant received the effective assistance of counsel. Her only allegations of ineffectiveness are her initial counsel's failure to inspect the damage to the vehicle and obtain pictures of it, and failure to obtain a copy of the surveillance videotape from the department store. Counsel may have purposely avoided obtaining pictures of the vehicle because photographic evidence of the damage may have negatively influenced the jurors. While

the videotape may have shown where the victim parked her car, so as to impeach her inconsistent statements on where it was in the parking lot, trial testimony established that the tape did not show anyone damaging a car. Considering this testimony, the tape was of only minimal value. Initial counsel reasonably focused on attempting to secure a preindictment plea to prevent defendant's exposure to mandatory prison time as a second felony offender. As counsel was pursuing a reasonable strategy, and trial counsel obtained an acquittal on more than one charge, we cannot say that defendant was deprived of effective assistance (see People v Madison, 31 AD3d 974, 975 [2006], lv denied 7 NY3d 868 [2006]).

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.