■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE PENA, Appellant. [943 NYS2d 513]—

Judgments, Supreme Court, New York County (John Cataldo, J., at suppression hearing; Richard Carruthers, J., at plea and sentencing), rendered January 5, 2010, as amended January 6, 2010, convicting defendant of three counts of robbery in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 16 years, unanimously affirmed.

The court properly denied defendant's motion to suppress lineup identifications. These identifications were not suppressible as products of an unlawful search and seizure.

The police department had probable cause to arrest defendant for a robbery, based on a photo identification. The arresting officers had seen a photograph of defendant and were aware the person in the photo was wanted for the robbery. While conducting a vertical patrol, these officers went to an apartment in response to a noise complaint. The officers had no reason to believe defendant was in the apartment.

The officers entered with the consent of an occupant, but then entered a bedroom without consent, got defendant out of bed, and asked him for identification. The officers then recognized defendant as the person wanted for a robbery and arrested him.

Even assuming that the police had no lawful basis for entering the bedroom or asking defendant for identification, the exclusionary rule did not require suppression of the lineup identifications (*see People v Jones*, 2 NY3d 235, 243-245 [2004]). At the time of the lineups, defendant was in lawful custody based on probable cause to believe he committed a robbery. At most, it was "only the means of effecting the arrest that [were] unlawful, not the detention itself" (*id.* at 243).

Defendant argues that the arresting officers did not have probable cause until after they engaged in unlawful conduct, and thereby learned that defendant was wanted for robbery. However, there was already probable cause from the time defendant was identified from photographs. The only fruit of the police conduct at issue was defendant's identity as a person for whose arrest there was preexisting probable cause (*see People v Pleasant*, 54 NY2d 972, 973-974 [1981]). "The . . . identity of a defendant . . . is never itself suppressible as a fruit of an unlawful arrest" (*INS v Lopez-Mendoza*, 468 US 1032, 1039 [1984]).

The court properly denied defendant's motion to suppress physical evidence recovered from a subsequent search of defendant's apartment pursuant to a valid search warrant. While the warrant did not authorize a nighttime search (*see* CPL

690.30 [2]), the search was lawful because it was commenced before 9:00 P.M., even though it extended past that time (*see People v Vara*, 117 AD2d 1013 [1986]). We have considered and rejected defendant's remaining arguments concerning this issue.

The sentencing court properly denied defendant's motion to withdraw his guilty plea. "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances" (*People v Brown*, 14 NY3d 113, 116 [2010] [internal quotation marks omitted]). Defendant and his new counsel received a sufficient opportunity to present their arguments, which the court properly rejected (*see People v Frederick*, 45 NY2d 520 [1978]). The record establishes that the plea was knowing, intelligent, and voluntary (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]), and that defendant did not establish a legal basis for withdrawing his plea.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Renwick and Freedman, JJ.