■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEQUELL E. SOLOMON, Appellant. [946 NYS2d 348]—

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered July 20, 2010. The judgment convicted defendant, upon a jury verdict, of assault in the second degree and criminal possession of a weapon in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]), as a lesser included offense of the first count of the indictment charging him with assault in the first degree (§ 120.10 [1]), and criminal possession of a weapon in the fourth degree (§ 265.01 [2]). Contrary to defendant's contention, County Court properly denied his request to charge the jury on assault in the third degree (§ 120.00 [3]) as a lesser included offense of assault in the first degree. "There was no reasonable view of the evidence presented that would support a jury finding that the defendant acted with criminal negligence rather than [acted intentionally]" (*People v Beckford*, 49 AD3d 547, 548 [2008], *lv denied* 10 NY3d 859 [2008]; *see People v Wright*, 105 AD2d 1088, 1089 [1984]; *see generally* CPL 300.50 [1]). Further, we reject defendant's contention that the count charging criminal possession of a weapon in the fourth degree was an inclusory concurrent count of assault in the first degree (*see People v Mitchell*, 216 AD2d 863 [1995], *lv denied* 86 NY2d 798 [1995]; *People v Sykes*, 194 AD2d 502 [1993], *lv denied* 82 NY2d 759 [1993]; *see generally* CPL 300.30 [4]; *People v Perez*, 45 NY2d 204, 208-210 [1978]).

We agree with defendant, however, that the court erred in charging the jury that the victim of the assault was justified to use physical force "to the extent that he . . . reasonably believe[d] such to be necessary to prevent or terminate what he . . . reasonably believe[d] to be the commission . . . of larceny" (Penal Law § 35.25). " 'It is a fundamental rule of law that jury instructions are required to be responsive to the issues presented by the evidence' " (*People v Lewis*, 160 AD2d 815, 816 [1990], *lv dismissed* 76 NY2d 738 [1990]; *see generally* CPL 300.10 [2]), and it is error for the court to submit to the jury " 'a theory of the facts which had no foundation in the evidence' " (*People v Rosenberg*, 293 NY 16, 17 [1944], *rearg denied* 293 NY 697 [1944], quoting *People v Barberi*, 149 NY 256, 274 [1896]; *see People v Duncan*, 46 NY2d 74, 79 [1978], *rearg denied* 46 NY2d 940 [1979], *cert denied* 442 US 910 [1979], *rearg dismissed* 56 NY2d 646 [1982]). We conclude that the court's

justification charge was not responsive to the evidence because there is no view thereof that the *victim* was justified in using physical force against defendant or that the *victim* used such force in the first instance (*cf. People v Banks*, 2 AD3d 226 [2003], *lv denied* 2 NY3d 737 [2004]; *see generally* Penal Law art 35). Under the circumstances of this case, we agree with defendant that the patently improper instruction was so prejudicial as to deny him a fair trial (*see generally People v Ashwal*, 39 NY2d 105, 111 [1976]; *People v Lovello*, 1 NY2d 436, 439 [1956]) and, because the evidence of defendant's guilt is not overwhelming, it cannot be said that the error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). We therefore reverse the judgment, and we grant a new trial on the indictment.

In light of our conclusion, we need not address defendant's remaining contentions. Present—Smith, J.P., Fahey, Peradotto and Lindley, JJ.