# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

574
KA 10-01960
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                              MEMORANDUM AND ORDER

JOEQUELL E. SOLOMON, DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (BRIAN D. DENNIS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered July 20, 2010. The judgment convicted defendant, upon a jury verdict, of assault in the second degree and criminal possession of a weapon in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]), as a lesser included offense of the first count of the indictment charging him with assault in the first degree (§ 120.10 [1]), and criminal possession of a weapon in the fourth degree (§ 265.01 [2]). Contrary to defendant's contention, County Court properly denied his request to charge the jury on assault in the third degree (§ 120.00 [3]) as a lesser included offense of assault in the first degree. "There was no reasonable view of the evidence presented that would support a jury finding that the defendant acted with criminal negligence rather than [acted intentionally]" (*People v Beckford*, 49 AD3d 547, 548, *lv denied* 10 NY3d 859; *see People v Wright*, 105 AD2d 1088, 1089; *see generally* CPL 300.50 [1]). Further, we reject defendant's contention that the count charging criminal possession of a weapon in the fourth degree was an inclusory concurrent count of assault in the first degree (*see People v Mitchell*, 216 AD2d 863, *lv denied* 86 NY2d 798; *People v Sykes*, 194 AD2d 502, *lv denied* 82 NY2d 759; *see generally* CPL 300.30 [4]; *People v Perez*, 45 NY2d 204, 208-210).

We agree with defendant, however, that the court erred in charging the jury that the victim of the assault was justified to use physical force "to the extent that he . . . reasonably believe[d] such to be necessary to prevent or terminate what he . . . reasonably

believe[d] to be the commission . . . of larceny" (Penal Law § 35.25).
" 'It is a fundamental rule of law that jury instructions are required
to be responsive to the issues presented by the evidence' " (*People v
Lewis*, 160 AD2d 815, 816, *lv dismissed* 76 NY2d 738; *see generally* CPL
300.10 [2]), and it is error for the court to submit to the jury " 'a
theory of the facts which had no foundation in the evidence' " (*People
v Rosenberg*, 293 NY 16, 17, *rearg denied* 293 NY 697, quoting *People v
Barberi*, 149 NY 256, 274; *see People v Duncan*, 46 NY2d 74, 79, *rearg
denied* 46 NY2d 940, *cert denied* 442 US 910, *rearg dismissed* 56 NY2d
646). We conclude that the court's justification charge was not
responsive to the evidence because there is no view thereof that the
*victim* was justified in using physical force against defendant or that
the *victim* used such force in the first instance (*cf. People v Banks*,
2 AD3d 226, *lv denied* 2 NY3d 737; *see generally* Penal Law art 35).
Under the circumstances of this case, we agree with defendant that the
patently improper instruction was so prejudicial as to deny him a fair
trial (*see generally People v Ashwal*, 39 NY2d 105, 111; *People v
Lovello*, 1 NY2d 436, 439) and, because the evidence of defendant's
guilt is not overwhelming, it cannot be said that the error is
harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242). We
therefore reverse the judgment, and we grant a new trial on the
indictment.

In light of our conclusion, we need not address defendant's
remaining contentions.

Entered: June 8, 2012                        Frances E. Cafarell
                                             Clerk of the Court