Judgment, Supreme Court, New York County (Patricia M. Nunez, J.), rendered August 20, 2012, convicting defendant, after a jury trial, of robbery in the first degree (two counts), robbery in the second degree (two counts), burglary in the second degree (three counts) and grand larceny in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 12 years, unanimously affirmed.
Defendant’s legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence supported the inference that defendant was an intentional participant in a forcible taking, and was not merely a knowing facilitator.
The court properly denied defendant’s request for an adverse inference charge regarding a segment of security videotape that was created and later erased by the management of the building where the robbery took place, as it was never in the possession of the police or prosecution (see People v Banks, 2 AD3d 226 [1st Dept 2003], lv denied 2 NY3d 737 [2004]). The fact that a police officer viewed the tape did not place it within the People’s constructive possession or control (see People v Walloe, 88 AD3d 544 [1st Dept 2011], lv denied 18 NY3d 963 [2012]; see also People v Hayes, 17 NY3d 46 [2011], cert denied 565 US —, 132 S Ct 844 [2011]). In any event, the portion of the tape that was introduced at trial was clearly incriminating, and there is no reason to believe that the erased portion was exculpatory.
The court’s Sandoval ruling balanced the appropriate factors and was a proper exercise of discretion (see People v Williams, 12 NY3d 726 [2009]; People v Walker, 83 NY2d 455, 458-459 [1994]). In a compromise ruling, the court only permitted defendant’s convictions to be identified as unspecified felonies.
Concur — Friedman, J.E, Acosta, Saxe, Feinman and Gische, JJ.