THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR MATOS, Appellant. [27 NYS3d 571]—

Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered February 25, 2013, convicting defendant, after a jury trial, of manslaughter in the first degree and

criminal possession of a weapon in the fourth degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 22 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence disproved defendant's justification defense beyond a reasonable doubt.

Defendant was not entitled to an adverse inference charge with respect to surveillance video footage of the moments after the shooting, which the police did not copy from the recording system of the building where the crime occurred. "The People have no constitutional or statutory duty to acquire, or prevent the destruction of, evidence generated and possessed by private parties" (*People v Banks*, 2 AD3d 226, 226 [1st Dept 2003], *lv denied* 2 NY3d 737 [2004]), and "[t]he fact that a police officer viewed the [video recording] did not place it within the People's constructive possession or control" (*People v Turner*, 118 AD3d 463, 463 [1st Dept 2014], *lv denied* 23 NY3d 1068 [2014]). In any event, without resort to speculation, "there is no indication that there was anything exculpatory on the tape" (*Banks*, 2 AD3d at 226).

Defendant has not established that a "significant" portion of the trial minutes have been lost (*see People v Parris*, 4 NY3d 41, 44 [2004]). Although the minutes for one day of jury selection are missing, the record indicates that those minutes only involve sworn and prospective jurors who were excused by the court when it granted defendant's application to start jury selection over again. Accordingly, there is no need for a reconstruction hearing.

Defendant's pro se ineffective assistance of counsel claims may not be addressed on direct appeal because they involve matters outside the record (*see People v Love*, 57 NY2d 998 [1982]).

We have considered and rejected defendant's remaining pro se claims. Concur—Tom, J.P., Friedman, Richter, Gische and Gesmer, JJ.