■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL CORTES, Appellant. [66 NYS3d 1]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J. at suppression motion; James M. Burke, J. at jury trial and sentencing), rendered October 7, 2015, convicting defendant of burglary in the second degree (two counts), burglary in the third degree, and grand larceny in the fourth degree (six counts), and sentencing him, as a persistent violent felony offender, to an aggregate term of 41½ years, unanimously modified, as a matter of discretion in the interest of justice, to the

extent of directing that all sentences be served concurrently, resulting in a new an aggregate term of 19 years to life, and otherwise affirmed.

The hearing court properly denied defendant's motion insofar as it sought to suppress a bag (but not its contents) and a jacket that police observed in his bedroom, which matched corresponding items carried and worn by the suspect in surveillance videotapes of burglaries the officers were investigating. The record supports the hearing court's finding that defendant consented to the police entry. Contrary to defendant's assertion, defendant did more than simply "sit down." After defendant's roommate permitted the police to enter the apartment he shared with defendant, the officers knocked on defendant's bedroom door and peaceably identified themselves. Defendant opened the door for the officers, left the door open, turned around, and sat on his bed. Such actions reasonably constituted tacit consent for the police to enter (*see People v Brown*, 234 AD2d 211, 213 [1st Dept 1996], *affd* 91 NY2d 854 [1997]; *see also People v Smith*, 239 AD2d 219 [1st Dept 1997], *lv denied* 90 NY2d 908 [1997]). The hearing evidence also established that defendant then voluntarily agreed to accompany the officers to the police station.

Although an officer testified that he opened the bag to voucher its contents, the evidence failed to establish a lawful inventory search following defendant's arrest (*see People v Gomez*, 13 NY3d 6, 11 [2009]). Nevertheless, any error in the admission of testimony and evidence regarding burglar's tools discovered in the bag was harmless in light of the overwhelming evidence of defendant's guilt, including surveillance video from the locations of the burglaries, defendant's admissions that two of the videos or still images taken from them depicted him, and the in-court identification of defendant (*see People v Crimmins*, 36 NY2d 230 [1975]). The items of physical evidence contained in the bag were the only suppressible fruits of the illegality, and we reject defendant's assertions to the contrary (*see People v Tolentino*, 14 NY3d 382, 384-385 [2010]; *People v Pena*, 95 AD3d 541, 542 [1st Dept 2012], *lv denied* 20 NY3d 934 [2012]).

Defendant's challenge to the prosecutor's summation is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that the remarks at issue were not so egregious as to deprive defendant of a fair trial (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]).

We find the sentence excessive to the extent indicated.

Concur—Renwick, J.P., Manzanet-Daniels, Mazzarelli, Kahn and Moulton, JJ.