The People of the State of New York, Respondent,
against
Jason Wilner, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Stephen Antignani, J.), rendered February 7, 2017, after a nonjury trial, convicting him of sexual abuse in the third degree and forcible touching, and imposing sentence.




Per Curiam.
Judgment of conviction (Stephen Antignani, J.), rendered February 7, 2017, affirmed. 
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the court's credibility determinations, in which it accepted the victim's account of the laundry room incident. Regarding sexual abuse in the third degree (see Penal Law § 130.55), the element of sexual contact for the purpose of sexual gratification could be inferred, under all the circumstances, from defendant's conduct itself, consisting of his grabbing complainant's buttocks several times without consent (see People v Williams, 94 AD3d 1555 [2012]). Regarding forcible touching (see Penal Law § 130.52[1]), it could be inferred from the location where the incident occurred, complainant's lack of consent, the intimate nature of the act and the absence of any prior relationship between the parties, that defendant forcibly touched the complainant "for no legitimate purpose" and "for the purpose of degrading" her (Penal Law § 130.52[1]; see People v Hatton, 26 NY3d 364, 370 [2015]; Matter of Traekwon I., 152 AD3d 431, 432 [2017]).
The court properly permitted complainant to make an in-court identification of defendant. Accepting the court's unchallenged determination that the showup identification of defendant was unduly suggestive, the record supports the court's finding that the complainant, who had a vivid, detailed recollection of the defendant based on her recollection of the incident itself, in which she was in "close proximity" to defendant and able to give an "explicit description" of him, had an independent source for her in-court identification of defendant (see Matter of Sylvester W., 115 AD3d 622 [2014], citing People v Williams, 222 AD2d 149, 153-154 [1996], lv denied 88 NY2d 1072 [1996]). 
The court properly exercised its discretion in admitting into evidence the edited surveillance videotape depicting defendant outside the laundry room and on the fourth floor where he lived, which the police did not copy in its entirety from the recording system of the building (see People v Matos, 138 AD3d 426, 427 [2016], lv denied 27 NY3d 1135 [2016], cert denied 137 S Ct 577 [2016]). "The People have no constitutional or statutory duty to acquire, or [*2]prevent the destruction of, evidence generated and possessed by private parties" (People v Banks, 2 AD3d 226 [2003], lv denied 2 NY3d 737 [2004]), and "[t]he fact that a [security] officer viewed the [video recording] did not place it within the People's constructive possession or control" (People v Turner, 118 AD3d 463 [2014], lv denied 23 NY3d 1068 [2014]). In any event, without resort to speculation, "there is no indication that there was anything exculpatory on the tape" (People v Banks, 2 AD3d at 226). 
The court properly denied defendant's motion to suppress statements he made to the police. There is no basis for disturbing the court's credibility determinations (see People v Prochilo, 41 NY2d 759, 761 [1977]). Defendant's statement inside his apartment was not the product of custodial interrogation, because a reasonable innocent person in defendant's position would not have thought he was in custody (see People v Yukl, 25 NY2d 585 [1969], cert denied 400 US 851 [1970]). Under the totality of the circumstances, the record supports the finding that the defendant implicitly consented to the police entering his apartment (see People v Smith, 239 AD2d 219 [1997], lv denied 90 NY2d 908 [1997]), since, among other things, the door was partly ajar, and neither defendant nor his roommate voiced any objection to police entry or to their continued presence in the apartment (see People v Cortes, 155 AD3d 579, 580 [2017], lv denied 30 NY3d 1114 [2018]). Nor did the police enter defendant's apartment for the purpose of making a warrantless arrest and defendant was not in fact arrested or taken into custody at his apartment (see People v Hines, 9 AD3d 507, 510 [2004], lv denied 3 NY3d 707 [2004]). Nor was he handcuffed or physically restrained. Although the officers asked defendant some questions about what had happened, questions posed in an attempt to gather information about the circumstances surrounding a possible crime do not constitute custodial interrogation (People v Dillhunt, 41 AD3d 216, 217 [2007], lv denied 10 NY3d 764 [2008]) and defendant remained, as the suppression court found, "calm and cooperative," and his statements were "spontaneous."
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 05, 2018