The People of the State of New York, Respondent,
against
Jerome Mendscole, Defendant-Appellant.
Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Harold Adler, J.), rendered December 6, 2017, after a jury trial, convicting him of driving while intoxicated and reckless driving, and sentencing him, inter alia, to three years' probation.
Per Curiam.
Judgment of conviction (Harold Adler, J.), rendered December 6, 2017, affirmed.
The verdict convicting defendant of driving while intoxicated (see Vehicle and Traffic Law § 1192[3]) and reckless driving (see Vehicle and Traffic Law § 1212) was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (see People v Danielson, 9 NY3d 342, 348-349 [2007]), including its assessment of testimony that defendant drove erratically through the Co-op City apartment complex, nearly hitting two people and several cars, drove through several red lights, exhibited visible signs of intoxication, including watery and bloodshot eyes, a flushed face and an odor of alcohol on his breath, and had an open bottle of Hennessy in the car (see People v Cruz, 48 NY2d 419 [1979], appeal dismissed 446 US 901 [1980]).
Defendant was not entitled to an adverse inference charge with respect to radio run recordings and memo book entries made by private security officers employed by the River Bay Corporation, the property manager. The record establishes that this evidence was never in the possession of the police or prosecution and "the People have no constitutional or statutory duty to acquire, or prevent the destruction of, evidence generated and possessed by private parties" (People v Banks, 2 AD3d 226 [2003], lv denied 2 NY3d 737 [2004]; see also People v Brooks, 57 AD3d 445 [2008], lv denied 12 NY3d 814 [2009]). In any event, without resort to speculation, "there is no indication that there was anything exculpatory on the tape" (Banks, 2 AD3d at 226).
Even assuming that statements defendant made in response to the Intoxicated Driver Test [*2]Unit ("IDTU") officer's request to conduct a physical coordination test should be suppressed because they were made after defendant invoked his right to counsel, any error was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 19, 2019