The People of the State of New York, Respondent,
against
Joy Wade, Appellant. 




Andrew E. MacAskill, for appellant.
Nassau County District Attorney (Yael V. Levy and Amanda Manning of counsel), for respondent.

Appeal from judgments of the District Court of Nassau County, First District (Joseph B. Girardi, J.), rendered July 11, 2016. The judgments convicted defendant, upon jury verdicts, of driving while intoxicated (common law) and criminal impersonation in the second degree, respectively, and imposed sentences. The appeal brings up for review an order of that court (Tricia M. Ferrell, J.) dated September 16, 2015, denying, after a hearing, defendant's motion to suppress evidence and an order of that court (Norman St. George, J.) dated April 6, 2016 denying defendant's motion to dismiss the accusatory instruments on statutory speedy trial grounds.




ORDERED that the judgments of conviction are affirmed.
On July 18, 2014, in a simplified traffic information, defendant was charged, in relevant part, with common law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). In a separate misdemeanor information, defendant was charged with criminal impersonation in the second degree (Penal Law § 190.25 [1]).
After a hearing, the District Court (Tricia M. Ferrell, J.), by order dated September 16, [*2]2015, denied defendant's motion to suppress evidence that had been obtained as the result of a traffic stop of her vehicle, finding, in relevant part, that the arresting officer had conducted a lawful stop.
On March 28, 2016, defendant moved to dismiss the accusatory instruments on the ground that her statutory right to a speedy trial had been violated (see CPL 30.30 [1] [b]). By order dated April 6, 2016, the District Court (Norman St. George, J.) denied the motion, finding that exactly 90 days of delay were chargeable to the People.
Following a jury trial, defendant was convicted of common-law driving while intoxicated and criminal impersonation in the second degree.
On appeal, defendant contends first that her statutory right to a speedy trial was violated because the People were chargeable with more than 90 days of delay. Specifically, she takes issue with the number of days determined by the court to be chargeable to the People for an adjournment from February 16, 2016 to March 2, 2016.
The People were required to announce their readiness for trial within 90 days of the commencement of the action (see CPL 30.30 [1] [b]). Once the People have "announced [their] readiness on the record," they have "satisfied [their] obligation under CPL 30.30" (People v Giordano, 56 NY2d 524, 525 [1982]). "Any delay on the part of the People occurring after their declaration of readiness is chargeable to the People" (People v South, 29 Misc 3d 92, 95 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). Any time within the adjournment period that exceeds the time requested is excluded, including delay attributable to the court (see People v Brown, 28 NY3d 392, 404 [2016]).
The People announced "ready for trial" at defendant's July 18, 2014 arraignment. Thus, everything after July 18, 2014 occurred in the post-readiness stage of the proceedings, including the adjournment from February 16, 2016 to March 2, 2016 (see People v Giordano, 56 NY2d at 524). Regarding the adjournment at issue, the matter was scheduled for trial on February 16, 2016, but the People announced they were not ready. Explaining that the arresting officer was on vacation until February 21, 2016, the People stated they would "be ready any time after that." The court adjourned the matter to March 2, 2016, specifically noting that the People were only chargeable with the time until February 22, 2016, which was six days. The People subsequently filed an off-calendar certificate of readiness on February 24, 2016. Defendant contends that the People should be charged with the two additional days from February 22, 2016 to February 24, 2016, the date of the off-calendar certificate of readiness, which would bring the People's total to 92 days of delay.
It was unnecessary, however, for the People to have filed the February 24 off-calendar certificate of readiness, as the People had already announced they were ready at arraignment (see People v Brown, 28 NY3d at 407-408), and that filing did not affect the application of the basic rule that delay attributable to the court is excluded (see People v Dushain, 247 AD2d 234, 236 [*3][1998]). There is no basis to "reach back" to February 22 from February 24 and charge the People with those additional two days (People v Brown, 28 NY3d at 408). Accordingly, the People were chargeable only with the six days from February 16 to February 22 (see People v Brown, 28 NY3d at 407-408). Altogether, the People were responsible for a total of exactly 90 days of delay and were thus ready for trial within the statutory requirement (see CPL 30.30 [1] [b]). 
Defendant also contends that the District Court erred in denying her motion to suppress evidence that had been obtained as the result of the traffic stop of her vehicle because it was an unlawful stop. The traffic stop, however, was warranted "based on considerations of public safety" (People v Bici, 32 Misc 3d 136[A], 2011 NY Slip Op 51474[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; see People v Ortega, 62 Misc 3d 147[A], 2019 NY Slip Op 50221[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Defendant's 3:40 a.m. in-lane swerving and repeated braking for no reason over a distance of a quarter of a mile, plus a near collision with a parked vehicle, constituted "erratic driving [that] provided sufficient justification for the initial stop of defendant's vehicle" (People v Bici, 32 Misc 3d 136[A], 2011 NY Slip Op 51474[U], *2 [citations omitted]). Accordingly, the hearing court properly concluded that the stop of defendant's vehicle was lawful.
To the extent that defendant now contends that the evidence of guilt was legally insufficient to support the verdicts, such contention is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish defendant's guilt beyond a reasonable doubt of common-law driving while intoxicated (see People v Beaupre, 170 AD3d 1031, 1032 [2019]; People v Elliott, 34 Misc 3d 136[A], 2011 NY Slip Op 52395[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]) and criminal impersonation in the second degree (see People v Hooks, 71 AD3d 1184, 1186 [2010]; People v Sherman, 116 Misc 2d 109, 110 [Rochester City Ct 1982]).
Moreover, upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the trier of fact's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdicts were not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Accordingly, the judgments of conviction are affirmed.
ADAMS, P.J., TOLBERT and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 08, 2019