People v Bailey (2022 NY Slip Op 00516)





People v Bailey


2022 NY Slip Op 00516


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Kapnick, J.P., Gesmer, González, Kennedy, Shulman, JJ. 


Ind No. 1190/16 Appeal No. 15180 Case No. 2018-2252 

[*1]The People of the State of New York, Respondent,
v
Jesus Bailey, Defendant-Appellant.


Freshfields Bruckhaus Deringer US LLP, New York (Jane Peng of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Julia Gorski of counsel), for respondent.



Judgment, Supreme Court, New York County (Neil E. Ross, J.), rendered January 8, 2018, convicting defendant, after a jury trial, of grand larceny in the third degree, criminal possession of a forged instrument in the second degree and resisting arrest, and sentencing him, as a second felony offender, to an aggregate term of 2½ to 5 years, unanimously affirmed.
The court properly denied defendant's request for an adverse inference instruction regarding portions of a restaurant's video surveillance footage that the police did not copy and that were not presented at trial. The essence of defendant's complaint is not about the duty to preserve evidence that has been acquired, but about a nonexistent duty to collect available evidence (see People v Hayes, 17 NY3d 46, 51-52 [2011], cert denied 565 US 1095 [2011]). "The People have no constitutional or statutory duty to acquire, or prevent the destruction of, evidence generated and possessed by private parties" (People v Banks, 2 AD3d 226, 226 [1st Dept 2003], lv denied 2 NY3d 737 [2004]). The videotape generated by the restaurant's video system was not placed within the People's constructive possession when the investigating officer merely viewed the tape and recorded the portions he considered significant using the camera in his phone (see People v Matos, 138 AD3d 426 [1st Dept 2016], lv denied 27 NY3d 1135 [2016], cert denied 580 US &mdash, 137 S Ct 577 [2016]).
The court providently exercised its discretion in declining to give an expanded "witness plus" identification charge to the jury (see People v Boone, 30 NY3d 521, 536-537 [2017]; People v Whalen, 59 NY2d 273, 279 [1983]), because there was no genuine issue of identification in this case. Defendant used a counterfeit credit card to pay for thousands of dollars' worth of liquor in a restaurant. Apart from any identification testimony, the evidence showed, among other things, that in a series of liquor purchases defendant used the counterfeit card bearing his actual name, presented his actual driver's license, and signed his actual name, and that when the restaurant manager realized the card was a forgery defendant was immediately detained by security guards who held him for the police.
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2022