People v Caruth (2026 NY Slip Op 01471)

People v Caruth

2026 NY Slip Op 01471

Decided on March 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 17, 2026

Before: Webber, J.P., Friedman, González, O'Neill Levy, Michael, JJ. 

Ind. No. 300/16|Appeal No. 6118|Case No. 2019-1433|

[*1]The People of the State of New York, Respondent,
vWilliam Caruth, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Emily A. Aldridge of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Robert A. Neary, J., at suppression hearing, jury trial, and sentencing), rendered October 3, 2018, convicting defendant of manslaughter in the first degree, and sentencing him to a term of 25 years, unanimously affirmed.
The hearing court properly denied defendant's suppression motion. The initial search, conducted the day the police were alerted to the missing victim, was justified on both emergency exception and consent grounds. Given that it was winter, and given that the missing woman was four months pregnant, had no history of mental illness, had left her keys and phone behind, and was believed to have gone into the basement, the search for the victim in the basement area was reasonable (see People v Mitchell, 39 NY2d 173, 177-178 [1976], cert denied 426 US 953 [1976]; see also People v Love, 84 NY2d 917, 918-919 [1994]). The emergency exception reflects "the general obligation of police officers to assist persons whom they reasonably believe to be in distress" (Mitchell, 39 NY2d at 177), and may apply even where the police do not definitely know whether a crime has occurred (see People v Doll, 21 NY3d 665, 671 [2013], cert denied 572 US 1022 [2014]; see generally People v Molnar, 98 NY2d 328, 332-333 [2002]). Moreover, the victim's boyfriend, who also lived in the house, had apparent authority to consent to the search of the basement (People v Vasquez, 298 AD2d 230 [1st Dept 2002], lv denied 100 NY2d 543 [2003]).
Defendant also consented to the searches that occurred the following day. Whether consent has been given voluntarily must be determined by the totality of the circumstances, including whether the consenter was in custody or handcuffed; the number of officers present; the background of the consenter; whether the consenter cooperated or resisted; and whether the consenter was advised of his right to refuse consent (see e.g. People v Gonzalez, 39 NY2d 122, 128-130 [1976]; People v Hill, 153 AD3d 413, 417 [1st Dept 2017], affd 33 NY3d 1076 [2019]). The suppression court's credibility determinations are "entitled to great deference on the question of voluntariness, unless they were manifestly erroneous or plainly unjustified by the evidence" (Hill, 153 AD3d at 417; see People v Prochilo, 41 NY2d 759, 761-762 [1977]).
Defendant accompanied the officers to the basement during the first search that day, and acquiesced when they returned that evening to reexamine a bag that had an unusual stain on it. Defendant did not object to their presence, did not ask them to leave, was generally cooperative throughout, and was not under arrest or detained at the time. Defendant's actions under the circumstances constituted tacit consent (see People v Cortes, 155 AD3d 579, 580 [1st Dept 2017], lv denied 30 NY3d 1114 [2018]; see also People v Smith, 239 AD2d 219, 220-221 [1st Dept 1997], lv denied 90 NY2d 908 [1997]). Accordingly, suppression of the evidence discovered during the warrantless searches and pursuant to the subsequent warrant was properly denied.
The verdict comported with the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [2024]). We find no basis for disturbing the jury's credibility determinations and the testimony of the forensic experts. The evidence, including defendant's print in the victim's blood on a wall which could not have been placed there prior to the victim's death, in addition to defendant's epithelial cells under the victim's nail and defendant's shoe with the victim's blood found in defendant's car, supports a reasonable inference that defendant, with at least the intent to cause serious physical injury to her, caused the victim's death (see Penal Law § 125.20). The fact that the jury acquitted defendant of the murder count does not warrant a different conclusion (see People v Rayam, 94 NY2d 557, 561-563 [2000]).
Defendant failed to preserve his challenge to the testifying medical examiner's report as to the cause of the victim's death (see generally People v Cabrera, 41 NY3d 35, 45 [2023]; People v Gray, 86 NY2d 10, 20 [1995]), and we decline to review it in the interest of justice. Moreover, the cause of the victim's death was not at issue, and as a result, defendant was not prejudiced by introduction of the autopsy report and any error is therefore harmless (People v Crimmins, 36 NY2d 230 [1975]).
We perceive no basis for reducing defendant's sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2026